# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>GENE MICHAEL DIULIO,<br><br>   Defendant. | Case No. 2:93-cr-259-LDG<br><br>**ORDER** |

Defendant Gene Diulio has moved this Court to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic. ECF No. 160. The United States opposes arguing, in part, that Diulio has not exhausted his administrative remedies as required by §3582(c)(1)(A)(i).

Diulio acknowledges that he has not exhausted his administrative remedy, but argues the Court should excuse or waive the 30-day period for doing so. Alternatively, he "asks the Court to wait until June 5, 2020, to decide the present motion on the merits (which is 30 days after May 6, 2020, the date Butner staff advised Mr. Diulio he needed to provide more information in his written request for compassionate release), but in no event later than June 11, 2020 (which is 30 days after May 12, 2020, the date undersigned

counsel supplemented Mr. Diulio's written request for compassionate release to the Butner War

Pursuant to §3582(c)(1)(A)(I), the Court may consider the compassionate release of a defendant "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Court finds that Diulio must exhaust his administrative remedies, either by fully exhausting all administrative rights to appeal the failure of the BOP to bring a motion on his behalf or by the lapse of 30 days from the BOP's receipt of Diulio's request. Diulio has not argued that he has exhausted his administrative rights to appeal. Rather, he points to the dates he alleges are relevant to establishing the commencement of the 30-day period. The BOP's request for additional information on May 6, sufficiently establishes that it had received a request from Diulio by that date. Accordingly, absent a motion filed by the BOP prior to June 5, 2020, requesting Diulio's compassionate release, the Court finds that it is statutorily precluded from considering Diulio's motion prior to June 5, 2020.

THE COURT **NOTIFIES** the Defendant that, absent a prior motion filed by the Bureau of Prisons on his behalf, it will consider his Motion for Compassionate Release on June 5, 2020. The Court invites the Defendant and the Government to supplement the record regarding the conditions of Defendant's confinement at Butler relevant to Covid-19.

DATED this 29 day of May, 2020.

_____
Lloyd D. George
United States District Judge